HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

## MOODY SHATTUCK AND OTHERS, *petitioners for a highway*, v. THE TOWNS OF WATERVILLE AND BAKERSFIELD.

### *Conclusiveness of the report of road commissioners.*

If the commissioners, appointed upon a petition for a highway, report adverse to the petition, upon the general ground that the public good does not require the highway petitioned for, their report should be regarded as final, and the petition be dismissed, unless there was some improper practice upon or by them, amounting to fraud or gross partiality.

The provision in § 40 of ch. 22 of the Comp. Stat., that the court may reject or accept the report, in whole or in part, &c., was intended to apply exclusively to cases where the committee report in favor of the petition.

The nature and circumstances of the case are sufficiently stated in the opinion of the court, which was delivered by

REDFIELD, CH. J. This is a petition for a committee to lay out a highway, extending through parts of two counties. At the last term the court appointed a committee, who, during the vacation, have examined the route, and decided unanimously not to lay the road, upon the general ground that the public good does not require it.

We are now asked to continue the case to the next term, to give the petitioners an opportunity to take evidence to show that the report ought not to be accepted, and to effect a recommitment of the case to the same committee, with the appointment of a new member of the board, in the place of Orem Newcomb, deceased, or else the appointment of a new board. The reasons for the continuance seem to be sufficient, if this is a case where the court would take such proceeding after the proof is filed.

The 40th section of the 22d chapter of the Compiled Statutes, seems to imply that the court are to grant a hearing on reports of commissioners, and may "reject the report, or accept it, in whole or in part;" but it is obvious to us that this section was intended to apply exclusively to cases where the committee report in favor of the petition, either laying or discontinuing the highway. In a case like the present, we should have no survey, as a basis upon which to proceed in establishing the road, either in whole or in part, and the committee are not required to make a survey, unless they decide that the highway ought to be laid out,—sec. 37. And if it had been expected that the court were to examine the case, over the head of the committee, in a case where they decided not to lay the road, it would undoubtedly have been required that they should in all cases have returned a survey of the road, and an assessment of damages, to enable the court to establish the road, if they deemed it expedient.

To go into the proof upon the subject, in the present state of the report, must involve the following inconsistencies.

I. The court will have to decide virtually that the road shall be laid, before it it is sent to the committee, for, without this, the petitioners will scarcely claim a recommitment. A recommitment will ordinarily be to the same committee; and, unless they are to be

governed by the opinion of the court, will be likely to result in a report similar to the first. And if the committee are to follow the opinion of the court, it would seem very idle to send it to them at all.

II. If we are to be expected to send the case to a new committee. 1. It seems, upon general principles, arbitrary. 2. It might prove endless. 3. It would certainly be more in accordance with reason, and the statute, that a new proceeding should be taken.

We think, therefore, that unless there was some improper practice upon, or by the committee, amounting to fraud or gross partiality, a report against the prayer of the petitioners, should be regarded as final, and the petition be dismissed.